## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDDIE WRIGHT,** | : | **Civil No. 3:13-CV-223** |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Defendant** | : | |

## MEMORANDUM

### I.    Statement of Facts and of the Case.

The *pro se* plaintiff is a federal prisoner who is housed at the United States Penitentiary-Canaan.  In this action, the plaintiff is suing the United States, alleging that in June of 2011 the prison served inmates chicken fajitas.  According to the plaintiff, the chicken was bad, and was tainted with salmonella bacteria. Consequently, the plaintiff contracted food poisoning, and suffered excruciating pain and symptoms which included headaches, diarrhea, abdominal pains, nausea, chills, vomiting, inability to eat and profuse sweating.  Alleging negligence on the part of the prison in the preparation and service of this food, the plaintiff has brought this action seeking damages from the United States, pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2675, *et seq.*

The plaintiff initiated this action on January 30, 2013.  (Doc. 1, Compl..)  On April 4, 2013, the Court entered an order staying all deadlines and instructing the parties to participate in mediation.  (Doc. 15.)  The mediation deadline was thereafter extended three more times.  (Docs. 24, 25, 26.)  When mediation failed to resolve the plaintiff's claim, on January 23, 204, the Court lifted the stay and issued a case management order.  (Doc. 27.)  The Court subsequently amended the case management order on March 3, 2014.  (Doc. 37.)  On March 6, 2014, the defendant filed a motion to dismiss this complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  (Doc. 38.)  We subsequently issued an order placing the parties on notice that we would consider the motion as a motion to dismiss and, in the alternative, a motion for summary judgment.  (Doc. 40.)

In the motion, the United States argues that this Court lacks jurisdiction over the plaintiff's FTCA claim because the plaintiff initiated this lawsuit more than one year after the United States denied his administrative tort claim, and, therefore, outside of the applicable statute of limitations.  The motion is fully briefed and is ripe for disposition.

**II.**   **Discussion**

**A.**   **The Parties's Burdens of Proof and Persuasion**

**1.**   **Motion to Dismiss Rule 12(b)(1)**

The defendant moved to dismiss this FTCA claim for lack of jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, on the grounds that the plaintiff filed this action outside of the statute of limitations, which under the Federal Tort Claims Act strips the Court of jurisdiction to hear the claim.

Rule 12(b)(1) permits the dismissal of an action for "lack of subject matter jurisdiction." A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. See Mortensen v. First Fed. Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir.1977). In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff. See id.; PBGC v. White, 998 F.2d 1192, 1196 (3d Cir.1993). In reviewing a factual attack, the court may consider evidence outside the pleadings. See Gotha v. United States, 115 F.3d 176, 178-79 (3d Cir.1997) (citing Mortensen, 549 F.2d at 891). Gould Electronics Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000)(footnote omitted) holding modified on other grounds  by Simon v. United States, 341 F.3d 193 (3d Cir. 2003).

Here, the defendant's motion presents a factual attack upon subject matter

jurisdiction, arguing that this court lacks jurisdiction over this claim due to the

plaintiff's failure to file his complaint within the statute of limitations.   When

presented with such a fact-bound jurisdictional challenge are cautioned that:

> A factual challenge contests the existence of subject matter jurisdiction, apart from any pleadings. Id. In reviewing a factual challenge, the court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case," even where disputed material facts exist. Mortensen, 549 F.2d at 891. In a factual challenge, the plaintiff has the burden of persuasion to show that jurisdiction exists. Gould, 220 F.3d at 178; Mortensen, 549 F.2d at 891. If the defendant presents evidence contesting any allegations in the pleadings, the presumption of truthfulness does not attach to the plaintiff's allegations and the plaintiff may present facts by affidavit or deposition or in an evidentiary hearing. Gould, 220 F.3d at 177; Mortensen, 549 F.2d at 891, 893 n. 18. "[I]f there is a dispute of material fact, the court must conduct a plenary trial on the contested facts prior to making a jurisdictional determination." Gould, 220 F.3d at 177.

Moyer Packing Co. v. United States, 567 F. Supp. 2d 737, 748 (E.D. Pa. 2008).

## 2.   **Summary Judgment Motion-Rule 56**

Moreover, to the extent that this motion presents matters beyond the pleadings,

in the form of competing declarations by the defendant and plaintiff, we have also

previously placed the parties on notice that we may treat this motion as a motion for

summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Rule

56 provides that "[t]he court shall grant summary judgment if the movant shows that

there is no genuine issue as to any material fact and that the movant is entitled to

judgment as a matter of law." Fed. R. Civ. P. 56 (a).  Through summary adjudication

4

a court is empowered to dispose of those claims that do not present a "genuine issue as to any material fact," Fed. R. Civ. P. 56, and for which a trial would be "an empty and unnecessary formality." Univac Dental Co. v. Dentsply Int'l, Inc., No. 07-0493, 2010 U.S. Dist. LEXIS 31615, at *4 (M.D. Pa. Mar. 31, 2010).

The substantive law identifies which facts are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine only if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the non-moving party. Id. at 248-49.

The moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact. Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 145-46 (3d Cir. 2004). Once the moving party has shown that there is an absence of evidence to support the nonmoving party's claims, "the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." Berckeley Inv. Group. Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006); accord Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on

5

which that party will bear the burden at trial," summary judgment is appropriate. Celotex, 477 U.S. at 322. Summary judgment is also appropriate if the non-moving party provides merely colorable, conclusory, or speculative evidence. Anderson, 477 U.S. at 249. There must be more than a scintilla of evidence supporting the nonmoving party and more than some metaphysical doubt as to the material facts. Id. at 252; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In making this determination, the Court must "consider all evidence in the light most favorable to the party opposing the motion." A.W. v. Jersey City Pub. Schs., 486 F.3d 791, 794 (3d Cir. 2007).

Further, a party who seeks to resist a summary judgment motion by citing to disputed material issues of fact must show by competent evidence that such factual disputes exist. In this regard, "only evidence which is admissible at trial may be considered in ruling on a motion for summary judgment." Countryside Oil Co., Inc. v. Travelers Ins. Co., 928 F.Supp. 474, 482 (D.N.J.1995). Similarly, it is well-settled that: "[o]ne cannot create an issue of fact merely by . . . denying averments . . . without producing any supporting evidence of the denials." Thimons v. PNC Bank, NA, 254 F. App'x 896, 899 (3d Cir. 2007)(citation omitted). Thus, "[w]hen a motion for summary judgment is made and supported . . ., an adverse party may not rest upon mere allegations or denial." Fireman's Ins. Co. of Newark NJ v. DuFresne, 676 F.2d

965, 968 (3d Cir. 1982), see Sunshine Books, Ltd. v. Temple Univ., 697 F.2d 90, 96

(3d Cir. 1982).  "[A] mere denial is insufficient to raise a disputed issue of fact, and

an unsubstantiated doubt as to the veracity of the opposing affidavit is also not

sufficient." Lockhart v. Hoenstine, 411 F.2d 455, 458 (3d Cir. 1969).  Furthermore,

"a party resisting a [Rule 56] motion cannot expect to rely merely upon bare

assertions, conclusory allegations or suspicions." Gans v. Mundy, 762 F.2d 338, 341

(3d Cir. 1985)(citing Ness v. Marshall, 660 F.2d 517, 519 (3d Cir. 1981)).

## B.    The FTCA's Statute of Limitations

An FTCA claim against the United States may not be commenced "unless the

claimant shall have first presented the claim to the appropriate Federal agency and his

claim shall have been finally denied by the agency in writing and sent by certified or

registered mail."  28 U.S.C. § 2675(a).  The FTCA also prescribes specific time

limitations with respect to the filing of a tort claim and the commencement of a civil

action in federal court in the event the claimant is dissatisfied with the administrative

response to his claim:

> A tort claim against the United States shall be forever barred unless it is
> presented in writing to the appropriate Federal Agency within two years
> after such claim accrues or unless action is begun within six months after
> the date of mailing, by certified or registered mail, of notice of final
> denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).  The Third Circuit Court of Appeals has instructed that these

jurisdictional limitations must be strictly construed and enforced.  Livera v. First National State Bank of N.J., 879 F.2d 1186, 1195 (3d Cir. 1989).  Applicable regulations make clear that administrative tort claims are "deemed to have been presented when a Federal agency receives from a claimant, . . . an executed Standard Form 95."  28 C.F.R. § 14.2; see also 28 C.F.R. § 543.32.

Against the foregoing requirements, the United States now asserts that Wright plainly filed this civil action outside of the applicable time period after his administrative tort claim was denied, and therefore Wright's lawsuit is barred.  We agree.

It is undisputed that Wright's Standard Form 95 was received by the Regional Counsel's office on January 23, 2012.  (Doc. 39, Ex. A, Declaration of Kimberly Sutton ¶ 3.)  On July 20, 2012, the Northeast Regional Office informed Wright that his tort claim was denied.  (Sutton Decl. ¶ 5 and Attach. 2, Denial Letter.)  In the notice advising him that his claim had been denied, Wright was informed that he "may bring an action against the United States in an appropriate United States District Court within six (6) months of the date of this memorandum."  (Id.)

Accordingly, Wright had six months from July 20, 2012, or until January 20, 2013, in which to file a lawsuit.  However, the evidence shows that Wright's complaint – which is dated January 24, 2013 – was not received by the Court until

January 30, 2013. Wright's complaint is, therefore, plainly untimely and not compliant with the clear jurisdictional requirements prescribed by law.

In his brief opposing the United States' motion, Wright argues that his complaint was filed after the applicable statute of limitations for several reasons. As an initial matter, Wright ambiguously asserts that he actually attempted to file a complaint either two or three times, but in each instance the delivery of his complaint was foiled by USP-Canaan's staff interference, or because the complaint was otherwise rejected by this Court for errors. (Doc. 55, ¶¶ 4-7, 12.) Wright endeavors to substantiate his arguments by attaching his own affidavit in which he attests to his alleged efforts to initiate this action timely.

We do not find that Wright can save this action by relying on a self-serving affidavit in which he incredibly claims that the reason his complaint was not timely filed was due either to a processing error by this Court, or by the interference of unnamed staff at USP-Canaan who allegedly frustrated Wright's efforts to mail the pleading.

With respect to Wright's claims that this Court caused his complaint to be untimely, we reject this assertion out of hand. Wright's complaint was received by the Court on January 30, 2013, and was docketed the same day. In accordance with 28 U.S.C. § 1915(e), we initially screened the complaint upon receipt and issued a report and recommendation in which we recommended that the individual defendants be dismissed from the action, and that Wright be directed to file an amended complaint addressing the defects that had been identified. (Doc. 4.) Wright responded by filing two amended complaints, one on March 7, 2013, and another on April 4, 2013.

As the United States observes, however, none of these clerical matters are of any significance here, and none has any relevance to whether Wright's claim was timely filed with this Court. Wright dated his complaint January 24, 2013, and thereafter submitted it for filing with this Court. Thus, by the time Wright dated the initial complaint, it was already untimely. The Court promptly docketed the complaint when it was received on January 30, 2013, but the immutable fact is that the complaint was filed with this Court ten days after the statute of limitations had expired.

Wright's alternative explanation is neither credible nor persuasive. Wright claims, with no compelling evidence, that he actually mailed a complaint to the Court

in November 2012, but that he never received a response because USP-Canaan staff "tamper[ed] with the salmonella lawsuits."  (Doc. 55.)  Wright tries to bolster this plainly self-serving assertion with his own affidavit, but the affidavit is incredible and inadequate to preclude summary judgment in this case.  Perhaps most telling is that the first time Wright ever mentioned that he had been frustrated in his efforts to initiate this lawsuit in the fall of 2012 came after he was put on notice that his complaint was filed after the state of limitations had run.  Moreover, Wright's assertions are wholly unbelievable, since this Court has over the past year been administering more than 500 similar lawsuits filed by inmates who were housed at USP-Canaan in June 2011, all of whom appear to have been able to file complaints with this Court without interference by USP-Canaan staff.[1]  Wright's belated claims of mail tampering by prison staff, therefore, are inadequate to defeat the United States' motion to dismiss.  Wright's complaint, dated after the statute of limitations had expired and received by this Court on January 30, 2013, is untimely and, therefore, should be dismissed because the Court lacks jurisdiction.

---

[1]Indeed, more than 80 inmate lawsuits were filed by prisoners relating to this incident during the time when Wright asserts that his litigation was being obstructed, between September 2012 and January 2013.

## III.    Conclusion

Accordingly, the United States' motion to dismiss or, in the alternative, for summary judgment (Doc. 38) will be granted and this action will be dismissed.  An appropriate order will be entered separately.

*S/Martin C.  Carlson*
Martin C. Carlson
United States Magistrate Judge

Dated: May 13, 2014